UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONTANA RETAIL STORE EMPLOYEES HEALTH AND WELFARE PLAN; NICOLAI COCERGINE, and DANNY MA, in their capacity as Trustees of the Health Fund,<br><br>Plaintiffs,<br><br>v.<br><br>C&S JONES GROUP LLC,<br><br>Defendant. | CASE NO. 2:23-cv-1342<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AND ORDERING DEFENDANT TO OBTAIN COUNSEL WITHIN 30 DAYS |

This is an ERISA case. On August 29, 2023, Plaintiffs Montana Retail Store Employees Health and Welfare Plan ("Health Fund"), Nicolai Cocergine, and Danny Ma filed a complaint alleging that Defendant C&S Jones failed to timely pay contributions under their contract and seeking liquidated damages. Dkt. No. 1 at 9. A process server provided C&S Jones's registered agent with a copy of the complaint and summons on October 18, 2023. Dkt. No. 6. Claiming to act on behalf of C&S Jones, Charles Wendell filed a document styled as a pro se answer on November 8,

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AND ORDERING DEFENDANT TO OBTAIN COUNSEL WITHIN 30 DAYS - 1

2023. Dkt. No. 8. Plaintiffs move to strike the answer filed by Wendell because he is not an attorney and C&S Jones has not properly appeared. Dkt. No. 9.

As a general rule, although non-attorneys may represent themselves in a lawsuit, they have no authority to represent others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). "Unincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons." *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986). The Local Civil Rules make this clear: "[a] business entity . . . must be represented by counsel." LCR 83.2(b)(4). Failure to obtain proper legal representation may result in "entry of default against the business entity as to any claims of other parties." *Id*.

Because Wendell is not a lawyer, he cannot represent C&S Jones. Further, C&S Jones cannot file documents with the Court unless it is represented by counsel. Accordingly, the Court STRIKES the answer, Dkt. No. 8, and ORDERS C&S Jones to obtain counsel within 30 days of this order or risk possible entry of default. The Court also STRIKES its order regarding initial disclosures and joint status report, Dkt. No. 5, and its minute order extending the deadline for filing the joint status report by January 19, 2024, Dkt. No. 10. The Court will issue a new initial scheduling order when C&S Jones appears through counsel.

Dated this 14th day of December, 2023.

_____
Jamal N. Whitehead
United States District Judge